An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH ALEXANDER HENDERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62629

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

On appeal from the denial of his petition filed on January 11, 2011, and his supplemental petition, appellant argues that the district court erred in denying two claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

14-31015

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel were ineffective for failing to hire an expert to review the DNA evidence and for failing to have the DNA evidence retested.[1] We conclude that substantial evidence supports the district court's decision to deny this claim. At the evidentiary hearing, trial counsel testified that they had consulted with a forensic DNA expert before trial and had her review all of the DNA reports and evidence. Thus, appellant's claim that trial counsel failed to obtain an expert is belied by the record. Further, trial counsel testified that, based on the DNA expert's advice and determination that the testing procedures were done correctly and that appellant was the source of the three separate DNA samples, trial counsel decided not to retest the DNA. The district court determined that the decision not to retest the DNA was a reasonable trial strategy in light of the expert's opinion and the fact that the results of the retest could have been used against appellant at trial. The district court's factual findings are supported by substantial evidence, and appellant fails to address those factual findings or present any

---

[1]Appellant also asserts in a footnote that trial counsel should have "obtained reports that verified the chain of custody from California when [appellant's] DNA was taken and the reports from the lab that developed the DNA profile [and] submitted that profile to CODIS." He fails to support this claim with cogent argument or relevant legal authority, and thus we decline to consider it. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

argument on appeal demonstrating that the district court erred in denying this claim.[2]

Second, appellant argues that trial counsel was ineffective for failing to ensure that bench conferences were recorded. Appellant has failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced. Trial counsel testified that the trial court always allowed him to make a record of any material issues discussed at unrecorded bench conferences. Appellant does not make any specific argument about any of the unrecorded bench conferences in this case but rather contends that the failure to record the bench conferences is prejudicial per se. Contrary to appellant's assertion, prejudice is not presumed when the district court fails to make a record of unrecorded conferences. Rather, appellant must demonstrate that "the record's missing portions are so significant that their absence precludes this court from conducting a meaningful review of the alleged errors that the appellant identified and the prejudicial effect of any error." *Preciado v. State*, 130 Nev. ___, ___, 318 P.3d 176, 178 (2014). Because appellant has

---

[2]In his reply brief, appellant argues that the district court erred by failing to find that trial counsel was ineffective for not hiring a second DNA expert to "vet" the first expert's opinion. His claim in his post-conviction petition was that counsel failed to consult a DNA expert; he never presented to the district court the issue of whether trial counsel should have consulted two experts. Thus, we decline to consider this claim on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004); *see also Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (stating that an appellant "cannot change [his] theory underlying an assignment of error on appeal").

failed to make such a showing, we conclude that the district court did not err in denying this claim.

Next, appellant challenges the district court's denial of his *Brady*[3] claim as procedurally barred under NRS 34.810(1)(b)(2). Appellant argues that the district court erred in finding that he did not raise this claim on direct appeal. We disagree. On direct appeal, appellant's claim was that the district court abused its discretion in denying a motion for mistrial because the State failed to disclose an expert's notes that were used in her testimony in violation of *Brady*. *See Henderson v. State*, Docket No. 52573 (Order of Affirmance, February 3, 2010). In his post-conviction petition, appellant claimed that the State violated *Brady* by failing to turn over information regarding the procedures used by the California lab in obtaining and placing appellant's DNA into the CODIS federal database. These are not the same claims. Moreover, appellant has failed to demonstrate good cause or prejudice for his failure to raise the *Brady* claim regarding the CODIS information on direct appeal. *See* NRS 34.810(1)(b); NRS 34.810(3); *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012). Thus, we conclude that the district court did not err in denying the *Brady* claim as procedurally barred.

Next, appellant claims that the district court abused its discretion by denying his motion for additional funds to secure a forensic DNA expert during the post-conviction proceedings. Appellant failed to provide this court with a copy of his motion or the transcript of the hearing on the motion. Therefore, he has failed to demonstrate that the district

---

[3]*Brady v. Maryland*, 373 U.S. 83 (1963).

court abused its discretion in denying the motion. *See State v. Eighth Judicial Dist. Court*, 100 Nev. 90, 102, 677 P.2d 1044, 1052 (1984) (presuming the propriety of district court actions in the absence of a showing of error); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). To the extent that appellant contends that the district court was required to grant his motion for funds once post-conviction counsel was appointed to represent him, appellant is mistaken. It is within the district court's discretion to authorize expenses related to investigative services. *Kirksey v. State*, 112 Nev. 980, 1003, 923 P.2d 1102, 1117 (1996).

Appellant also contends that the district court erred during the evidentiary hearing by disclosing a prior witness's testimony to a testifying witness. Appellant argues that this amounted to a violation of the exclusionary rule for witnesses, which carries a presumption of prejudice. We disagree. During the evidentiary hearing, trial counsel Norm Reed testified that there was enough DNA evidence to retest but that he and trial counsel Violet Radosta decided not to have the DNA retested because their DNA expert advised against it and the results from retesting could have been used against appellant at trial. Ms. Radosta was then called to testify and stated that they did not retest the DNA evidence because there was no sample left to retest. The district court questioned Ms. Radosta about this statement and told her that Mr. Reed had testified that there was DNA evidence available for retesting. The district court inquired further into the record, determined that there was in fact DNA evidence available for retesting, and allowed Ms. Radosta to opine that she did not retest it based on the expert's advice. We conclude that the district court's inquiry into a factual matter did not violate the

exclusionary rule. Given that the purpose of an evidentiary hearing is to resolve questions of fact, it was not inappropriate for the district court to inquire into discrepancies in Mr. Reed's and Ms. Radosta's testimony and clarify the record. Further, appellant failed to object below.

For the foregoing reasons, we conclude that the district court did not err in denying the petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Abbi Silver, District Judge
        Law Office of Julian Gregory, L.L.C.
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk