An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL RECKTENWALD, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62994

FILED

NOV 03 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

On appeal from the denial of his petition filed on December 6, 2000, and his supplemental petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the

---

[1] The initial order of the district court improperly dismissed the petition pursuant to NRS 34.800 and did not contain specific findings of fact and conclusions of law with respect to the alternate denial of the claims. Accordingly, on April 10, 2014, this court remanded the case to the district court for the limited purpose of complying with the mandates of NRS 34.830(1). On June 6, 2014, the district court entered a second order denying appellant's petition; the order contained the necessary findings of fact and conclusions of law. Appellant's counsel has opted not to file a supplemental brief or appendix.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-36258

proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant contends that counsel was ineffective for failing to impeach the victim with her admission that she lied under oath at the preliminary hearing and with evidence that would have contradicted her testimony that she watched television at appellant's house. We conclude that appellant has failed to demonstrate that the district court erred in denying this claim. The district court found that trial counsel did in fact cross-examine the witness about lying and making prior inconsistent statements and that the evidence presented by appellant did not establish that there was no electricity at his home when the victim was there. Appellant fails to address the district court's specific findings or present any argument on appeal demonstrating that the district court erred in denying this claim. Further, appellant fails to provide this court with an adequate appendix containing the complete trial transcripts and other pertinent parts of the record for this court's review on appeal. *See Thomas v. State*, 120 Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) (appellant is ultimately responsible for providing this court with portions of the record necessary to resolve his claims on appeal); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

Accordingly, appellant has failed to demonstrate that counsel was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different.

Second, appellant argues that counsel was ineffective for failing to file a pretrial motion to exclude the victim's testimony at trial. Appellant has failed to demonstrate deficiency or prejudice, as he has not demonstrated that such a motion would have been successful. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (holding that counsel cannot be ineffective for failing to make futile motions).

Third, appellant argues that counsel was ineffective for failing to question C. Moore about his status as a jailhouse informant for the State and the beneficial plea and sentence that he received in exchange for his testimony. Appellant fails to demonstrate deficiency or prejudice. This claim is belied by the record, as counsel elicited from Moore that he had written a letter to the district attorney offering to provide information on various individuals, including appellant, in exchange for a plea agreement. As Moore had not yet been sentenced at the time of his testimony, counsel could not have questioned him about the terms of the sentence. Thus, appellant fails to demonstrate that the district court erred in denying this claim.

Fourth, appellant argues that counsel was ineffective for failing to obtain records used by the State's expert witness Dr. Richett and for failing to question her about the victim's prior allegations of sexual assault and the victim's father who was a convicted child molester. Appellant fails to demonstrate deficiency or prejudice. The record shows that counsel elicited from the expert that she knew about the victim's father and that this knowledge did not change her opinion that the victim

had been sexually abused. Appellant does not explain which records counsel should have obtained or how counsel's failure to do so affected the outcome of the trial. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Furthermore, in light of appellant's failure to provide this court with trial transcripts, appellant cannot demonstrate a reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different. *See Thomas*, 120 Nev. at 43 & n.4, 83 P.3d at 822 & n.4; *Greene*, 96 Nev. at 558, 612 P.2d at 688. Thus, appellant fails to demonstrate that the district court erred in denying this claim.

Fifth, appellant argues that counsel was ineffective for failing to cross-examine the State's witness G. Wiley about his appropriation of appellant's four-wheeler and camper, which would have shown that Wiley had animosity toward appellant. Appellant fails to demonstrate deficiency or prejudice. Excerpts of the trial transcripts show that counsel cross-examined Wiley about his feelings toward appellant, and appellant fails to demonstrate that further questioning would have had a reasonable probability of changing the outcome at trial. Thus, appellant fails to demonstrate that the district court erred in denying this claim.

Sixth, appellant argues that counsel was ineffective for failing to cross-examine D. Coleman about the nature of her plea bargain and whether she was being allowed to testify truthfully. Appellant fails to demonstrate deficiency or prejudice. Coleman testified under oath that she had entered an *Alford* plea to sexual seduction and that she had received a very good deal by pleading guilty because she was initially charged with multiple counts with potential sentences of life in prison.

Appellant fails to demonstrate that any further questioning by counsel about the nature or terms of her plea had a reasonable probability of changing the outcome of the trial. Thus, appellant fails to demonstrate that the district court erred in denying this claim.

Seventh, appellant argues that counsel was ineffective for failing to file a motion to preclude "improper bad act evidence." Appellant fails to demonstrate prejudice. This court concluded on direct appeal that an incident testified to by L. Baumgartner should not have been admitted at trial but that the admission was harmless error in light of the overwhelming evidence against appellant. *See Recktenwald, Jr. v. State*, Docket No. 32103 (Order Dismissing Appeal, January 25, 2000). Accordingly, appellant does not demonstrate that, had counsel filed such a motion, there was a reasonable probability of a different outcome at trial. Thus, appellant fails to demonstrate that the district court erred in denying this claim.

Eighth, appellant argues that counsel was ineffective for eliciting testimony from a State witness that appellant had convictions for rape and murder. Appellant fails to demonstrate prejudice. In light of appellant's failure to provide this court with trial transcripts, he cannot demonstrate a reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different. *See Thomas*, 120 Nev. at 43 & n.4, 83 P.3d at 822 & n.4; *Greene*, 96 Nev. at 558, 612 P.2d at 688. Thus, appellant fails to demonstrate that the district court erred in denying this claim.

Ninth, appellant argues that counsel was ineffective for failing to provide the jury with a transition instruction, which resulted in the jury finding him guilty of both sexual assault and the lesser-related offense of

statutory sexual seduction. This claim appears to be belied by excerpts of the trial transcripts and by appellant's own allegations, which indicate that the jurors were instructed that they could consider whether appellant was guilty of statutory sexual seduction if they had a reasonable doubt that he was guilty of sexual assault, but that they could not find him guilty of both. Furthermore, appellant fails to demonstrate prejudice, as the district court dismissed the sexual seduction counts after the jury found him guilty of sexual assault. Therefore, appellant fails to demonstrate that the district court erred in denying this claim.

Tenth, appellant argues that counsel was ineffective for failing to object to appellant's adjudication as a habitual offender where the State provided insufficient notice of intent to seek habitual offender adjudication. Appellant claims that the State filed the notice of intent prematurely and improperly. Appellant does not explain how the State's notice was premature or improperly filed, nor does he provide a sufficient appendix for us to review this claim. *See Thomas*, 120 Nev. at 43 & n.4, 83 P.3d at 822 & n.4; *Greene*, 96 Nev. at 558, 612 P.2d at 688. Thus, he fails to demonstrate that the district court erred in denying this claim.

Eleventh, appellant argues that counsel was ineffective at sentencing for failing to call appellant's son and friends as witnesses and for failing to make "significant arguments" on appellant's behalf. Appellant fails to demonstrate deficiency or prejudice. He does not explain what testimony the witnesses would have provided at sentencing or how their testimony would have affected the proceedings. Appellant also does not identify any arguments that counsel should have made at sentencing. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6. Thus, appellant fails to demonstrate that the district court erred in denying this claim.

Twelfth, appellant argues that counsel was ineffective for failing to object during closing argument to the prosecutor's statements that the defense was "wispy vapor trails" and "rabbit trails" and to the prosecutor's argument regarding inadmissible evidence. In light of appellant's failure to provide the trial transcripts in his appendix, he cannot demonstrate a reasonable probability that, but for counsel's failure to object, the outcome of the trial would have been different. *See Thomas,* 120 Nev. at 43 & n.4, 83 P.3d at 822 & n.4; *Greene,* 96 Nev. at 558, 612 P.2d at 688. Thus, he fails to demonstrate that the district court erred in denying this claim.

Thirteenth, appellant argues that counsel was ineffective for failing to present evidence to the jury and to make a record, and appellant also appears to contend that this resulted in a violation of his right to confront the witnesses against him. Appellant makes no cogent argument on appeal as to this claim, *see Maresca,* 103 Nev. at 673, 748 P.2d at 6, and thus fails to demonstrate that the district court erred in denying it.

Next, appellant contends that he has new evidence that he is actually innocent. Appellant asserts that, after trial, two witnesses recanted their testimony and accused the prosecution of forcing them to commit perjury. Even assuming a freestanding actual-innocence claim is cognizable in a post-conviction petition for a writ of habeas corpus, appellant's failure to provide the trial transcripts precludes our review of this claim, especially given that there were 20 other witnesses, including the victim, who testified against him at trial. *See generally Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (explaining that, to demonstrate actual innocence, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new

evidence" (internal quotation marks omitted)). Thus, appellant fails to demonstrate that the district court erred in denying this claim.

For the foregoing reasons, we conclude that the district court did not err in denying the petition, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc: Hon. Kimberly A. Wanker, District Judge
David H. Neely, III
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk

---

[2]We decline appellant's request to take judicial notice of various exhibits because it does not appear that those exhibits were presented in the proceedings below.