An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN ROHN GILL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64325

**FILED**

NOV 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

On appeal from the denial of his September 16, 2009, petition and his November 23, 2011, supplemental petition, appellant claims that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland).* Both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37276

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant claims that counsel was ineffective for failing to present mitigating evidence at his sentencing hearing, for failing to move to sever the trial from his co-defendant's trial, for failing to file a motion to suppress the eyewitness identification, and because there was an irreconcilable conflict between counsel and appellant. Appellant failed to provide this court with any of the necessary documents in order to review his claims. Appellant did not provide this court with any transcripts of trial, sentencing, or other hearings at the trial court level, nor did appellant provide this court with the co-defendant's motion to sever. The burden is on the appellant to provide an adequate record enabling this court to review assignments of error. *Thomas v. State*, 120 Nev. 37, 43 n.4, 83 P.3d 818, 822 n.4 (2004); *see also Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980). As appellant failed to meet that burden, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

(O) 1947A

cc: Hon. Brent T. Adams, District Judge
Story Law Group
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk