# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN MICHAEL FOSTER,
Appellant,
vs.
SHERIFF OF CARSON CITY,
Respondent.

No. 66739

**FILED**

MAR 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant John Michael Foster's postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; David R. Gamble, Senior Judge.

Foster argues that the district court abused its discretion by denying his postconviction request for funds to retain an accident reconstruction expert. Foster contends that he was entitled to the funds because he was indigent and needed the expert's services in order to prove his claim that trial counsel was ineffective for failing to retain an expert. We conclude that Foster has failed to demonstrate that the district court abused its discretion in denying his request for funds at public expense. *See Kirksey v. State*, 112 Nev. 980, 1003, 923 P.2d 1102, 1117 (1996). The district court determined that, even assuming that an accident reconstruction expert would testify that a "yaw mark" indicated that Foster was turning the wheel of his truck before he hit Deputy Collier's vehicle, this would not demonstrate ineffective assistance of trial counsel. The record shows that a State trooper testified for the defense at trial about the presence of yaw marks and their cause (that Foster had turned his truck away from Deputy Collier's direction before the collision), and thus an expert's testimony to that effect would have been cumulative. Accordingly, Foster fails to demonstrate that the district court abused its discretion in finding that an expert's services were not reasonably

17-08736

necessary to litigate his postconviction claims.[1]  *See* NRS 7.135; NRS 34.750(2); *Widdis v. Second Judicial Dist. Court*, 114 Nev. 1224, 1229, 968 P.2d 1165, 1168 (1998).

Next, Foster argues that the district court erred in denying his claim that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence until the second day of trial.  It does not appear that Foster raised this claim in his petition below. Moreover, this claim is without merit.  The record shows that Trooper Larson changed his conclusion about yaw marks after the trial started and the State immediately informed the defense of this new conclusion.  The defense was able to call Trooper Larson as a witness at trial and argue in closing that the yaw marks indicated that Foster turned his steering wheel in an attempt to avoid hitting Deputy Collier's car.  Therefore, because the State did not withhold this exculpatory evidence, Foster did not establish a *Brady* violation.  *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000) (stating that three components comprise a *Brady* violation: "the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material").  Accordingly, we conclude that the district court did not err in denying this claim.

---

[1]Foster also contends that the district court's denial of his request deprived him of "his right to equal access to a defense due solely to his indigent status."  The denial of Foster's request for expert fees was based on his failure to demonstrate that an expert was reasonably necessary, and Foster cites no authority in support of his contention that requiring an indigent petitioner to make this showing violates his constitutional rights.  *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (holding that it is appellant's responsibility to provide cogent argument).

Foster also argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Foster contends that his counsel should have retained an accident reconstruction expert.[2] Foster failed to demonstrate that counsel's performance was deficient, as counsel was not objectively unreasonable in presenting the accident theory through the testimony of a State trooper, rather than a paid defense expert. Further, Foster failed to

---

[2]Foster additionally appears to contend that counsel's failure to retain an accident reconstruction expert violated his due process and equal protection rights, and that counsel was ineffective for failing to present expert evidence on the use of the "pursuit immobilization technique" by the police. Foster fails to support these claims with cogent argument, and we therefore decline to consider them. *Maresca*, 103 Nev. at 673, 748 P.2d at 6.

SUPREME COURT
OF
NEVADA

(O) 1947A

demonstrate a reasonable probability of a different outcome had counsel presented the testimony of a defense expert, which at best would merely have corroborated the testimony of the State trooper. Thus, we conclude that the district court did not err in denying this claim.

Second, Foster argues that counsel should have proffered a jury instruction on the State's burden to prove beyond a reasonable doubt that the collision with Deputy Collier's car was not an accident. Foster failed to demonstrate that he was prejudiced. The jury was instructed that the State had the burden to prove beyond a reasonable doubt the elements of battery with a deadly weapon, that one of those elements was that the defendant "willfully" used force, and that "willfully" meant "intentionally, deliberately, or designedly" and did not mean "accidentally, inadvertently, or innocently." These instructions accurately informed the jury of the State's burden of proof and required the jury to find that the collision was willful and not accidental. Therefore, Foster failed to demonstrate a reasonable probability of a different outcome at trial had counsel requested an instruction on the defense of accident.[3] Accordingly, we conclude that the district court did not err in denying this claim.

Third, Foster argues that counsel was ineffective at sentencing because counsel made "improper argument" and the sentence was in excess of that needed for society's interests. Foster provides no cogent

---

[3]Foster also contends that counsel was ineffective on direct appeal for failing to challenge the jury instructions. Because the jury was properly instructed on the State's burden of proof to show that the use of force was willful, Foster failed to demonstrate that a challenge to the jury instructions "would have a reasonable probability of success on appeal." *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Thus, he failed to demonstrate ineffective assistance of appellate counsel.

argument for this claim, *see Maresca*, 103 Nev. at 673, 748 P.2d at 6, and fails to provide this court with the transcript of the sentencing hearing, *see Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Therefore, we cannot conclude that the district court erred in denying this claim.

Next, Foster contends that the cumulative effect of these errors warrants reversal. Because Foster fails to demonstrate any error of counsel, there is no error to cumulate. Therefore, we conclude that the district court did not err in denying this claim.

Finally, Foster argues that the district court's order denying his postconviction petition is deficient because it fails to include findings of fact and conclusions of law as required by NRS 34.830(1). We conclude that, while the district court's order is devoid of any findings of fact and thus does not strictly satisfy NRS 34.830(1), the record provides sufficient information from which this court may review the claims and Foster fails to demonstrate prejudice resulting from the order. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

cc:   Chief Judge, The First Judicial District Court
      Hon. David R. Gamble, Senior Judge
      Karla K. Butko
      Attorney General/Carson City
      Carson City District Attorney
      Carson City Clerk