IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
JERRY NANN MEADOR,
Respondent.

No. 70594

FILED

MAY 09 2017

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting respondent Jerry Nann Meador's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. Meador pleaded guilty and was sentenced. In her postconviction petition, she argued that counsel should have moved for treatment as a problem gambler under NRS Chapter 458A in lieu of sentencing, and the district court agreed in part, vacating the judgment to set a hearing under that chapter. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden,* 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697, and the petitioner must demonstrate the underlying facts

17-15424

by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

The State first argues that counsel's performance was not deficient. Counsel testified during the postconviction evidentiary hearing that he believed that diversion was only available if a treatment program had been already funded, even though he was aware that a prominent attorney had received gambling-addiction diversion before Meador's sentencing.[1] The district court concluded that counsel's performance is deficient because he does not understand an area of law fundamental to the case and as a result did not believe that he could request diversion under NRS Chapter 458A. We conclude that the district court's findings are supported by the record and it did not clearly err in concluding that counsel's performance was deficient.[2]

Second, the State argues that Meador was not prejudiced because she was not entitled to a hearing under NRS Chapter 458A. The district court concluded that a hearing pursuant to NRS 458A.220 would have been held if counsel had requested it. The record shows that counsel argued at sentencing and acknowledged at the postconviction evidentiary hearing that Meador was a problem gambler and had committed her crimes in furtherance of her gambling problem, a psychologist examined Meador and concluded that she had a gambling addiction, Meador testified

---

[1]We acknowledge that counsel could not recall when he learned that the diversion in the other case was specifically for a gambling disorder.

[2]We note that the State failed to include the transcript of the hearing in which the district court considered the parties' supplemental briefing. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

that she stole in furtherance of her gambling problem, and the circumstances did not render Meador ineligible under NRS 458A.210. Accordingly, we conclude that the district court did not err in concluding that Meador was entitled to a hearing. *See* NRS 458A.220(1). As Meador testified that she wanted treatment and would agree to pay restitution, we conclude that Meador has shown that there was a reasonable probability that the sentencing court would have ordered diversion. *See* NRS 458A.220(2). The State's argument that Meador did not have the financial means to pay restitution is inapposite, as NRS Chapter 458A does not exclude anyone based on *ability* to pay restitution. *See* NRS 458A.220(2)(b)(2); NRS 458A.230(4), (6). The district court therefore did not err in concluding that Meador was prejudiced by counsel's deficient performance and thus that counsel provided ineffective assistance.

Having considered the State's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Dayvid J. Figler
Eighth District Court Clerk