# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCISCO A. CRUZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69876

FILED

MAY 0 9 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Francisco A. Cruz's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Cruz argues that trial and appellate counsel should have challenged the admission of his custodial statements. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the

17-15419

underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland,* 466 U.S. at 690.

Cruz argues that trial and appellate counsel should have moved to suppress his custodial statements because he could not knowingly and intelligently waive his *Miranda*[1] rights because he was 17 years old, was sleep-deprived, spoke English as a second language, and was intoxicated.[2] The district court found that Cruz was twice read his *Miranda* rights, that he spoke briefly with police after the first warning and more extensively after the second warning and a delay to arrange for his mother to be present, and that nothing in the record indicates that Cruz was sleep-deprived or did not understand the questions asked of him. Cruz has not shown that this finding is not entitled to deference.[3]

We agree with the district court that the totality of the circumstances indicate that Cruz's waiver was knowing and intelligent.[4]

---

[1]*Miranda v. Arizona,* 384 U.S. 436 (1966).

[2]Cruz does not argue that counsel should have challenged the voluntariness of his *Miranda* waiver or of his custodial statements.

[3]A transcript of the custodial statements was not provided on appeal. *See Greene v. State,* 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

[4]We conclude that the circumstances surrounding Cruz's statements are distinguishable from those surrounding his codefendant Perez's statements that led this court to hold that the trial court should have granted Perez's suppression motion and accordingly do not warrant a

*continued on next page . . .*

Supreme Court
OF
Nevada

(O) 1947A

*Berghuis v. Thompkins*, 560 U.S. 370, 382-83, 385 (2010) (explaining waiver inquiry, that waiver is knowing when "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it," and that individual who understands his rights and acts in a manner inconsistent with their exercise may be presumed to have deliberately waived those rights (quotation marks omitted)); *Mendoza v. State*, 122 Nev. 267, 276-77, 130 P.3d 176, 181-82 (2006) (discussing waiver inquiry and applying totality-of-the-circumstances review). Cruz's age does not itself render his waiver invalid, particularly as police contacted his mother after he requested her and ceased questioning until she arrived. *See Ford v. State*, 122 Nev. 796, 802-03, 138 P.3d 500, 504-05 (2006). Further, Cruz's request for her presence suggests his awareness of the seriousness and consequences of the circumstances. Cruz has not shown that the district court's finding that he failed to allege facts showing that he was sleep-deprived is not entitled to deference, and substantial evidence supports this finding. Cruz's bare claim that he had difficulty in school and spoke English as a second language does not show that he lacked awareness of his rights and the consequences of their waiver when he asserted that he understood them and responded coherently. *See Garner v. Mitchell*, 557 F.3d 257, 261 (6th Cir. 2009). And Cruz has not shown that his intoxication was so severe that he could not understand the meaning of his comments. *See Falcon v. State*, 110 Nev. 530, 534, 874 P.2d 772, 775 (1994). Accordingly, a suppression motion lacked merit, and neither trial nor appellate counsel

---

*. . . continued*
similar disposition here. *See Perez v. State*, Docket No. 55950 (Order Affirming in Part, Reversing in Part, and Remanding, June 20, 2012).

was ineffective in failing to pursue a futile challenge. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006); *see also Kirksey*, 112 Nev. at 990, 923 P.2d at 1109 (holding that prejudice on a claim that counsel should have moved to suppress evidence requires showing a meritorious Fourth Amendment claim). The district court therefore did not err in denying these claims.

Cruz also argues that the district court should have held an evidentiary hearing on these claims and considered evidence from his psychologist. Cruz did not identify specific factual allegations supporting relief, and the record shows that the psychologist merely speculated that inquiry into certain matters could support a claim regarding Cruz's understanding of his waiver of his *Miranda* rights. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). The district court therefore did not err in denying his claims without an evidentiary hearing.

Having considered Cruz's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.          _____, J.
Gibbons                                Pickering

cc:    Hon. Susan Johnson, District Judge
       Law Offices of Gamage & Gamage
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk