# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRACEY LEWIS BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69841

FILED

NOV 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of burglary while in possession of a deadly weapon, two counts of burglary, six counts of robbery with use of a deadly weapon, robbery, attempted robbery, and three counts of conspiracy to commit robbery. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Tracey Lewis Brown first argues that juror misconduct warranted a new trial. To obtain a new trial for juror misconduct, Brown had to show that juror misconduct occurred and that the misconduct was prejudicial. *Meyer v. State*, 119 Nev. 554, 563-64, 80 P.3d 447, 453, 455 (2003). We review the district court's denial of such a motion for an abuse of discretion and its conclusions regarding the prejudicial effect of any misconduct de novo. *Id.* at 561-62, 80 P.3d at 453. While the attempt by a witness's friend to discuss the witness's testimony in an elevator with several jurors in it constituted misconduct, Brown did not show prejudice. The record shows that there was not a reasonable probability that the misconduct affected the verdict where most of the jurors either did not remember what was said or remembered only that the friend talked about what the witness was wearing on her head; the information was vague, cumulative of the surveillance video evidence of the crimes, and not relevant

Supreme Court
OF
Nevada

(O) 1947A

17-40451

to any material issue; and, when canvassed, all of the jurors stated that the misconduct would not affect their deliberations in any way and were appropriately admonished. *See id.* at 561, 564, 566, 80 P.3d at 453, 455-56. Accordingly, Brown has failed to show that the district court abused its discretion by denying his motion for a new trial.

Second, Brown argues that admitting a recording of a 911 call made by an unavailable witness violated his right to confrontation. Statements made with the primary purpose of resolving an ongoing emergency, such as ending a threatening situation, are nontestimonial and fall beyond the scope of the Confrontation Clause. *Michigan v. Bryant*, 562 U.S. 344, 359, 361 (2011); *Harkins v. State*, 122 Nev. 974, 987-88, 143 P.3d 706, 714-15 (2006). As Brown has failed to provide a written transcript or audio recording of the 911 call, *cf. Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."), our review is limited to the district court's description of the call's contents, which shows that the dispatcher asked questions to meet an ongoing emergency, as the call was made immediately after the perpetrator left the store by a person still under considerable distress and the dispatcher first asked if the perpetrator had a gun to determine whether there was a continuing threat to responding officers and the public. Accordingly, Brown has failed to show that the district court erred in determining that the 911 call recording was nontestimonial. *See Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009) (reviewing Confrontation Clause claims de novo as questions of law).

Third, Brown argues that the district court abused its discretion in denying his motion to recuse or disqualify Judge Adair. Brown argues that Judge Adair told him that he would receive a harsh sentence in

an earlier proceeding unless he pleaded guilty and that Judge Adair's impartiality was accordingly suspect. Brown's uncorroborated, conclusory proffer of judicial bias is not supported with a factual basis to warrant recusal. Regardless, the statement of which Brown complains does not rise to the level of judicial bias. *See Rivero v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009). The district court therefore did not err in denying Brown's recusal motion. *See Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011) (reviewing judicial impartiality challenges de novo).

Fourth, Brown argues that the State's late disclosure of the investigating detective's disciplinary record violated *Brady v. Maryland*, 373 U.S. 83 (1963). We review de novo whether the State adequately disclosed exculpatory information under *Brady. Lay v. State*, 116 Nev. 1185, 1193, 14 P.3d 1256, 1262 (2000). Having reviewed the record, we note that the State disclosed the contested information before trial and conclude that the timing of its disclosure did not constitute reversible error because the disclosure was made at a time when the evidence was of value to Brown, who cross-examined the detective and argued on the disciplinary issue. *See Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1093 (9th Cir. 2009). We therefore conclude that Brown has failed to demonstrate a *Brady* violation.

Fifth, Brown argues that the district court abused its discretion in denying his motions to suppress evidence arising from a pretextual traffic stop and an invalid search warrant. Brown's contentions lack merit. The city marshal who performed the traffic stop testified that he did so because the car's headlights were off while driving at night, which violated NRS 484D.100(1). As the stop was supported by probable cause, Brown's claim that the stop was a pretext for investigating a nearby robbery and thus

warrants relief fails. *See Gama v. State*, 112 Nev. 833, 836-37, 920 P.2d 1010, 1012-13 (1996) (rejecting suppression claim based on pretextual traffic stop where vehicle stop was supported by probable cause and thus reasonable). Further, the record belies Brown's contention that the marshal heard the report of the robbery over his radio.

Brown's challenges to the search warrant's validity also fail on this record. First, the record shows that Brown was read his *Miranda* rights after his arrest, the passage of two days does not per se erode the validity of the *Miranda* admonishment, Brown identifies no other factual circumstances suggesting that his waiver was not knowing and voluntary, and Brown's contention that the police were required to re-Mirandize him before each interrogation lacks merit. *See Koger v. State*, 117 Nev. 138, 141-43, 17 P.3d 428, 430-32 (2001) (reviewing totality of circumstances in assessing *Miranda* waiver and noting that gaps of multiple days do not per se invalidate waiver). Second, the record belies Brown's claim that his girlfriend did not tell the police that he lived with her. Third, the probable cause supporting the search warrant had not become stale because it was reasonable to presume that searching the residence would yield the clothing that the suspect could be seen wearing in surveillance video footage when the residence was Brown's, Brown was incarcerated and unable to destroy or remove the clothing, the suspect in the video footage appeared to be Brown, and Brown's accomplice confessed to their involvement in the crimes charged. *See Garrettson v. State*, 114 Nev. 1064, 1069, 967 P.2d 428, 431 (1998). Accordingly, Brown has failed to show that the district court erred in denying his suppression motions. *See State v. Beckman*, 129 Nev. 481, 486, 305 P.3d 912, 916 (2013) (reviewing conclusions of law regarding suppression issues de novo).

Sixth, Brown argues that evidence of the traffic stop was an uncharged bad act that was improperly admitted. Brown's discussion of the eighth robbery that was charged federally is misplaced, as that robbery was not discussed at trial. And to the extent that being involved in a traffic stop may constitute a bad act within the meaning of NRS 48.045(2), it did not involve Brown's bad act here, as his accomplice was driving. Brown has therefore failed to show that the district court erred in this regard.

Seventh, Brown argues that the presentation of inadmissible evidence tainted his grand jury proceedings and that the district court should have granted his pretrial habeas petition. Even if the marshal's grand jury testimony regarding Brown's flight from the traffic stop was inadmissible, the State presented sufficient legal evidence to establish probable cause and thus to sustain the grand jury indictment by presenting store-clerk testimony that seven convenience stores were robbed, surveillance video and/or still photographs showing the suspect, and several identifications by store clerks that Brown was the suspect. *See Dettloff v. State*, 120 Nev. 588, 595-96, 97 P.3d 586, 590-91 (2004) (observing that jury's conviction beyond a reasonable doubt cured any irregularities in grand jury proceedings after concluding that evidence supported grand jury's determination of probable cause). Accordingly, the district court did not err in denying pretrial habeas relief.

Eighth, Brown argues that the photographic lineups presented to the witnesses were impermissibly suggestive because his photograph had the darkest skin tone and was the only one matching the suspect's hairstyle and with visible teeth. Noting that our review is limited because Brown has not provided a copy of the lineup and that we are constrained to the poor-quality image included in the State's appendix, *see Thomas v. State*, 120

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) (noting that appellant bears the duty of providing the "portions of the record essential to determination of issues raised in appellant's appeal"), we note that all of the individuals pictured appear to be black men; that the detective informed the witnesses that hairstyles are easily changed; and that, even if visible, Brown's teeth were not suggestive of the suspect, as the lower portion of the suspect's face was covered in each robbery. As the individuals pictured matched the general description of the suspect, Brown has failed to show that the photographic lineup was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Thompson v. State*, 125 Nev. 807, 813-14, 221 P.3d 708, 713 (2009) (internal quotation marks omitted). Accordingly, Brown has not shown that the district court erred in refusing to exclude the identifications.

Lastly, Brown argues that cumulative error warrants relief. As Brown has failed to identify any instances of error, there is no error to cumulate, and this claim fails.

Having considered Brown's contentions and concluded that relief is not warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.          _____, J.
Gibbons                                  Pickering

SUPREME COURT
OF
NEVAOA

(O) 1947A

cc: Hon. Valerie Adair, District Judge
The Law Office of Dan M. Winder, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(0) 1947A