# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN MICHAEL FERGASON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74469

FILED

MAR 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant argues the district court erred by rejecting his claim that trial counsel was ineffective for failing to object when a witness stated that appellant had committed other burglaries. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly

19- 11506

erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant fails to demonstrate that the district court erred by denying this claim. The relevant transcripts included in the appendix are almost impossible to read, thwarting our review. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). But even accepting appellant's factual representations regarding this claim as true, he fails to demonstrate that counsel performed deficiently. According to appellant, counsel told the trial court that she made a strategic decision not to object to the statement so as not to bring attention to it. That decision was not objectively unreasonable. *See Johnson v. State*, 133 Nev., Adv. Op. 73, 402 P.3d 1266, 1273-74 (2017) ("[A]n attorney is not constitutionally deficient simply because another attorney would have taken a different approach."); *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (providing that strategic decisions are "virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). Appellant also fails to demonstrate prejudice. It appears that he has not included complete transcripts from his trial on appeal, which prevents this court from assessing the impact of the statement, if any, on the verdict. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Regardless, appellant asserts that the district court gave a curative instruction at the conclusion of the witness' testimony. Thus, there is not a reasonable probability of a different result had counsel immediately objected.

Having considered appellant's contention and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Eric Johnson, District Court Judge
       Matthew D. Carling
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk