GEORGIA SUE GREENE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 10887

June 18, 1980                                          612 P.2d 686

---

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

A jury convicted appellant of violating NRS 453.321, which provided in material part: "1. Except as authorized by the provisions of NRS 453.011 to 453.551, inclusive, it is unlawful for any person to import, transport, manufacture, compound, sell, exchange, barter, supply, give away or administer a controlled or counterfeit substance or to offer or attempt to do any such act."

On March 13, 1975, police officer James Thomas, working undercover, went with an informant to a Las Vegas bar to "buy" narcotics. The informant went inside while the officer remained in his automobile. Within minutes, the informant emerged with appellant. The officer, feigning withdrawal symptoms, asked appellant to purchase heroin for him. The officer testified appellant said that for her trouble she expected to be "turned on," i.e. to get part of any heroin she bought. The appellant testified she agreed to buy for the officer because she, as a heroin addict, felt sorry for him.

The appellant, the informant, and the officer made several stops. At each, appellant went into a building and returned without narcotics. Finally, she returned and quoted the officer a price. She took the money, returned to the building, then emerged with three balloons she said contained heroin. The officer testified she gave him two balloons, keeping the third, saying she was keeping one for her trouble. The appellant testified that she handed the officer all three balloons, but that later he gave her one. Testimony at appellant's preliminary hearing and trial indicated that the informant had assisted the officer to "turn" his own charges, then pending.

The appellant served subpoenas duces tecum seeking all personnel records pertaining to Officer Thomas. The trial court quashed the subpoenas when appellant's counsel acknowledged that he was on a fishing expedition, merely hoping to find information to impeach the officer. The court also denied appellant's request for the officer's home address.

Appellant contends it was reversible error for the court to deny him the residence address of the police officer and personnel files, which might have led to impeachment material. Appellant cites Alford v. United States, 282 U.S. 687 (1931) and Smith v. Illinois, 390 U.S. 129 (1968). We first consider whether appellant was denied an opportunity to cross-examine Officer Thomas effectively. The trial court sustained the State's objection to the question, "Mr. Thomas, what is your residence address? That is, where do you live at the present time?"

In Alford v. United States, cited above, the Supreme Court wrote at 694:

> The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted. (Citations omitted.) But no obligation is imposed on the court, such as that suggested below, to protect a witness from being discredited on cross-examination, short of an attempted invasion of his constitutional protection from self incrimination, properly invoked. There is a duty to protect him from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him. (Citations omitted.) But no such case is presented here. The trial court cut off *in limine* all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination. This was an abuse of discretion and prejudicial error. (Citations omitted.)

282 U.S. at 694. The witness in *Alford* was in federal custody. The question, "Where do you live?" was an appropriate preliminary to cross-examination, and was an essential step in identifying the witness with his environment. The purpose of the question was to show, by such facts as proper examination might develop, that his testimony was biased because given under promise or expectation of immunity, or under the coercive effect of his detention by the federal authorities. In Smith v. Illinois, cited above, it was reversible error to allow a police informer to give only his assumed name. Forbidding the most rudimentary inquiry at the threshold effectively emasculated the right of cross-examination. 390 U.S. at 131. Here, the witness was a police officer. He testified to his full name, gave his employment history in law enforcement in reasonable detail, and disclosed his involvement in undercover narcotics activities. Brown v. State, 94 Nev. 393, 580 P.2d 947 (1978). Because a police officer is subject to supervision and training, there is less reason to require disclosure of a home address than for an informer or an accomplice; an officer's continuing involvement in police activity gives rise to a reasonable inference that the officer or his family may be endangered by disclosure. *See* United States v. McKinley, 493 F.2d 547 (5 Cir. 1974); United States v. Davis, 262 F.2d 871 (7 Cir. 1959). We note that when the State's objection to his question was sustained, appellant's attorney simply moved to other areas of inquiry. *See* Deutscher v. State, 95 Nev. 669, 601 P.2d 407 (1979). In this case, failure to divulge the officer's precise street address did not deny appellant effective cross-examination.

Because the personnel file is absent from the record on appeal, we cannot determine whether the trial judge abused his discretion in precluding disclosure of its contents. *See e.g.* Lee v. Sheriff, 85 Nev. 379, 455 P.2d 623 (1969). The burden to make a proper appellate record rests on appellant. Other considerations, including appellant's contention that the evidence is insufficient to support the verdict, likewise are without merit. The appellant's requested instruction on her "purchasing agent" defense was substantially covered by Instruction No. 7. Instruction No. 7 is in the form approved in Roy v. State, 87 Nev. 517, 489 P.2d 1158 (1971). *See also* Moore v. State, 93 Nev. 645, 572 P.2d 216 (1977).

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.