An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEDRICK DAVIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61499

FILED

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and mayhem. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

First, appellant Dedrick Davis argues that the district court abused its discretion by holding the count of mayhem in abeyance rather than dismissing it because the legislature has not authorized convictions for mayhem and battery resulting in substantial bodily harm. We agree. *See Jackson v. State*, 128 Nev. ___, ___ n.8, 291 P.3d 1274, 1282 n.8 (2012), (noting that the legislature has not authorized convictions for both offenses because mayhem has traditionally been considered an aggravated form of battery), *petition for cert. filed*, 81 U.S.L.W. 3518 (March 5, 2013) (No. 12-9118). Although the State asserts that Davis' argument is not ripe because he has not yet been convicted, the district court cannot hold in

13-17485

abeyance a count for which the defendant cannot be convicted or sentenced. *See* NRS 176.105(2). We conclude that the district court abused its discretion, and on remand the district court must dismiss the mayhem count and enter an amended judgment of conviction.

Second, Davis argues that the district court abused its discretion by denying his request for a hearing regarding the voluntariness of his statement to law enforcement. *See Jackson v. Denno*, 378 U.S. 368, 380 (1964). We disagree. Although Davis asked for a hearing, he agreed with the district court that due to the nature of his claim it was appropriate to rule based on a review of the transcript without taking testimony from witnesses. *See Carter v. State*, 121 Nev. 759, 769, 121 P.3d 592, 599 (2005) (a defendant cannot object to an error he participated in). And Davis did not provide this court with a transcript of his statement. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). We conclude that Davis failed to demonstrate that the district court abused its discretion.

Third, Davis argues that the district court erred by failing to dismiss the entire venire panel because it did not accurately represent the diversity of the community. Because Davis failed to establish that the method of selecting jurors from the community systematically excluded members of minority groups, we conclude that he is not entitled to relief

on this claim. *See Williams v. State*, 121 Nev. 934, 939-40, 125 P.3d 627, 631 (2005).

Fourth, Davis argues that the district court abused its discretion by failing to grant his request for a mistrial after a police officer stated that he spoke with Davis after "rebooking" him, which Davis asserts implied that he was already in custody on a prior offense. A request for a mistrial may be granted where "prejudice occurs that prevents the defendant from receiving a fair trial," and we review a district court's determination of whether a mistrial is warranted for an abuse of discretion. *Rudin v. State*, 120 Nev. 121, 142, 144, 86 P.3d 572, 586, 587 (2004). We conclude that the district court did not abuse its discretion by denying Davis' request for a mistrial because the police officer's comment did not imply that Davis engaged in prior criminal activity, *see Manning v. Warden*, 99 Nev. 82, 86, 659 P.2d 847, 850 (1983), and even assuming the comment was improper, any error was harmless, *see Hardison v. State*, 104 Nev. 530, 533, 763 P.2d 52, 54 (1988).

Fifth, Davis claims that the prosecutor inappropriately vouched for the victim's credibility by referring to him as "our tiny Tony." Because Davis did not object to the statement, we review for plain error. *See Rowland v. State*, 118 Nev. 31, 38, 39 P.3d 114, 118 (2002). The record reveals that the prosecutor in this case was not using a term of endearment to vouch for the victim's credibility but rather was comparing the size of the victim to the defendant. We conclude that the prosecutor

did not commit misconduct. *See id.* at 39-40, 39 P.3d at 119 (discussing the distinction between inappropriate vouching and appropriate argument).

Having considered Davis' contentions, we conclude that he is only entitled to the relief granted herein, and we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
       Law Office of Betsy Allen
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk