An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MELISSA KAY ROBBINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61743

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of unlawful acts relating to the distribution of certain controlled substances, conspiracy to violate the uniform controlled substance act, and forgery. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant Melissa Kay Robbins contends that the district court erred by admitting Stephanie Kerns' telephone records into evidence because they were not authenticated by an affidavit and they were not made available to the defense ten days before the trial as required by statute. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Here, the district court heard argument on the admissibility of the telephone records and reviewed the record custodian's declaration of authenticity. The district court found that the State acted diligently to acquire the records, the record custodian's declaration was made under penalty of perjury, and the declaration satisfied all of the statutory requirements except for being notarized. The district court shortened the service time requirement for good cause as is permitted by NRS 52.260(4), determined that the declaration met the affidavit

14-15298

requirements, *see* NRS 52.260(3); NRS 53.045 (use of unsworn declaration in lieu of affidavit), and admitted the telephone records into evidence under the business records exception to the hearsay rule, *see* NRS 51.135. We conclude that Robbins has not demonstrated that the district court abused its discretion in this regard.[1]

Robbins further contends that insufficient evidence supports her convictions because the jury could not have found her guilty beyond a reasonable doubt without Stephanie Kerns' telephone records. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). Moreover, when "assessing a sufficiency of the evidence challenge, [we] must consider all of the evidence admitted by the trial court, regardless whether that evidence was admitted erroneously." *Stephans v. State*, 127 Nev. ___, ___, 262 P.3d 727, 734 (2011) (internal quotation marks and emphasis omitted). Here, the jury heard testimony that Robbins previously worked for Dr. Pejamin Bady as a medical assistant and had access to his prescription pads. On August 14, 2006, she met with Kerns in a parking lot. She produced one of Dr. Bady's

---

[1]Robbins did not provide a copy of the declaration for our review, and she suggests that the district court erred by not making the declaration part of the record. However, "[t]he burden to make a proper appellate record rests on appellant." *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980); *see also Thomas v. State*, 120 Nev. 37, 43 n.4, 83 P.3d 818, 822 n.4 (2004) ("Appellant has the ultimate responsibility to provide this court with 'portions of the record essential to determination of issues raised in appellant's appeal.'" (quoting NRAP 30(b)(3))).

prescription pads, drafted a prescription for Lortab in Kerns' name, and forged Dr. Bady's signature to the prescription. Kerns delivered the prescription to a pharmacy and later called the pharmacy to see if the prescription had been filled. When the pharmacy informed Kerns that there was a problem, she called Robbins and told her that the pharmacy knew that the prescription was forged. Dr. Bady testified that the signature on the prescription was not his and that Lortab is a controlled narcotic that is normally prescribed for pain. The State entered the forged prescription and Kerns' telephone records into evidence. We conclude that a rational juror could reasonably infer from this evidence that Robbins committed an unlawful act relating to the distribution of certain controlled substances, conspired to violate the uniform controlled substance act, and committed forgery. *See* NRS 205.090; NRS 453.331(1)(d); NRS 453.401(1). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Having determined that Robbins is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Kimberly A. Wanker, District Judge
Gibson Law Group
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A