An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD LYNN DELONEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62510

FILED

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

On appeal from the denial of his July 14, 2010, petition, appellant argues that the district court erred in denying some of his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15431

deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel was ineffective for failing to consult with or retain an expert on eyewitness identification. Appellant has failed to demonstrate prejudice. The district court's finding that there was other evidence against appellant besides the eyewitness identification is supported by substantial evidence in the record before this court. Not only did appellant demonstrate a consciousness of guilt when he testified under oath to an alibi that was subsequently discredited, but at least three other witnesses testified to either seeing appellant shoot the victim or hearing appellant make incriminatory remarks about shooting the victim. Further, any expert who discredited the State's eyewitness identification would likely also have discredited the defense's sole eyewitness, whose description of the shooter excluded appellant. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to consult with a criminalist in order to present evidence that the location of the bullet casings suggest that the victim was shot from the driver's side of the car, not the passenger's side where appellant was. Appellant has failed to demonstrate deficiency or prejudice. All witnesses agreed that the vehicle was parked away from the curb, such that bullet casings in the street would not necessarily mean shots were fired from the driver's side. Further, at trial, a police detective testified that the bullet casings were found in an area consistent with having been fired from the

passenger's side of the vehicle. Appellant presented no evidence at the evidentiary hearing to contradict this testimony. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for failing to present the testimony of K. Compton, who would have demonstrated that the driver was the shooter. Appellant has failed to demonstrate deficiency or prejudice. Appellant did not produce the witness at the evidentiary hearing and thus failed to prove the facts underlying his claim by a preponderance of the evidence. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant argues that counsel was ineffective for (1) failing to realize and then argue that P. Chopper's testimony about the shooter's actions matched the driver's description of his own actions as testified to in previous proceedings and (2) not presenting evidence that the shooter wore green where witnesses said appellant was in white. Appellant has failed to demonstrate deficiency or prejudice. Appellant has failed to provide this court with transcripts of the previous proceedings or with police reports that allegedly indicate the shooter was wearing green, thereby precluding review of the district court's disposition of these claims. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). We therefore conclude that the district court did not err in denying these claims.

Finally, appellant argues that the cumulative errors of counsel warrant reversal of his conviction and a new trial. Because this court has determined that appellant failed to demonstrate deficiency on all but the

eyewitness-expert claim and that he failed to demonstrate prejudice for that claim, appellant cannot demonstrate cumulative error. We therefore conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Janet J. Berry, District Judge
Patricia C. Halstead
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk