An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL ADRIAN CARRILLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64188

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

On appeal from the denial of his October 1, 2012, petition, appellant first argues that the district court erred in denying without an evidentiary hearing his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. To warrant an evidentiary hearing, a petitioner must raise claims supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Thus a petitioner claiming that counsel did not conduct an

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23810

adequate investigation must specify what a more thorough investigation would have revealed. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004).

First, appellant argues that counsel was ineffective for failing to obtain a psychological evaluation of appellant. Appellant's bare claim has failed to demonstrate deficiency or prejudice. Appellant's claim below was that counsel should have obtained a psychological evaluation because appellant was only 16 years old when he committed the crime. While a defendant's age is a relevant factor at sentencing, appellant provides no authority in support of his apparent contention that counsel is per se deficient where he does not seek a psychological evaluation just because a defendant is a minor.[1] Moreover, appellant admitted that he did not know what information a psychological evaluation would produce, merely speculating that it would result in "classic mitigation evidence." Because he did not indicate what a more thorough investigation into mitigation evidence would have revealed, appellant failed to state specific facts that would demonstrate a reasonable probability of a different outcome had an evaluation been completed. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Second, appellant argues that counsel was ineffective for failing to present mitigation evidence at sentencing. Appellant has failed

---

[1]On appeal, appellant points to information contained in the presentence investigation report and suggests that it may have been a basis for counsel to seek the evaluation. This is new argument not presented to the district court below, and we need not consider it on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

to demonstrate deficiency or prejudice. Appellant's claim below that counsel failed to present "any mitigating factors" was belied by the record. In mitigation, counsel submitted ten letters of support and repeatedly referred to appellant's youth at the time of the crime. Moreover, appellant failed to specify in his petition below what additional mitigation information counsel should have uncovered and how there was a reasonable probability of it affecting the outcome of the sentencing hearing.[2] We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.[3]

Appellant next argues that the district court abused its discretion in denying his motion for funds to obtain a psychological evaluation in order to seek additional mitigating evidence that counsel should have presented to the sentencing court. Appellant failed to provide this court with a copy of his motion or the district court's denial of the motion. We are thus precluded from reviewing the district court's disposition and, therefore, conclude that the district court did not err in denying the motion. See State v. Eighth Judicial Dist. Court, 100 Nev. 90, 102, 677 P.2d 1044, 1052 (1984) (presuming the propriety of district court actions in the absence of a showing of error); Greene v. State, 96 Nev. 555,

---

[2]To the extent that appellant has specified additional mitigation evidence on appeal, it is new argument that was not presented below, and accordingly, we need not consider it on appeal. See id. Moreover, much of the mitigation evidence to which appellant points was contained in the presentence investigation report, which the sentencing court stated it had reviewed and considered.

[3]To the extent that appellant claims counsel was ineffective for any other reason, the argument was not raised before the district court, and we need not consider it on appeal. See id.

558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc:  Hon. Carolyn Ellsworth, District Judge
     Langford McLetchie LLC
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk