An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS QUEVEDO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63621

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Ninth Judicial District Court, Douglas County; J. Charles Thompson, Senior Judge.

In his petition, filed on July 6, 2012, appellant claimed that he had new evidence that demonstrates his actual innocence. The petition was filed more than 11 years after issuance of the remittitur on direct appeal on September 15, 2000. *See Quevedo v. State*, Docket No. 31709 (Order Dismissing Appeal, November 18, 1999). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

_____

[1]*Quevedo v. Warden*, Docket No. 46799 (Order of Affirmance, June 22, 2007).

14-30896

Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

On appeal, appellant argues that the district court erred in denying his actual-innocence claim without first conducting an evidentiary hearing, and that his actual innocence claim itself excuses the procedural bars. Although a claim of actual innocence can overcome procedural bars, *see Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996), this court has never recognized a freestanding claim of actual innocence. However, even assuming such a claim is cognizable in a post-conviction petition for a writ of habeas corpus, appellant's failure to provide the trial transcripts precludes our review of this claim. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Appellant thus fails to demonstrate that the district court erred in denying the petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chief Judge, Ninth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Christopher R. Oram
Attorney General/Carson City
Douglas County District Attorney/Minden
Douglas County Clerk