An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HANLEY JACK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67952

FILED

DEC 18 2015



## ORDER OF AFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of violation of the terms of lifetime supervision. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

Appellant Hanley Jack first contends that multiple violations of one lifetime supervision agreement cannot result in more than one conviction or imposition of more than one sentence such that his convictions for two of the three counts must be vacated. NRS 213.1243(8) provides, in pertinent part,

> [A] sex offender who commits *a violation* of a condition [of lifetime supervision] imposed on him ... is guilty of *a category B felony* and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years.

(Emphasis added). The plain meaning of NRS 213.1243(8) is that one violation is one crime and, accordingly, three violations are three crimes. *See Pellegrini v. State*, 117 Nev. 860, 873-74, 34 P.3d 519, 528 (2001) (stating that statutory interpretation begins with the plain meaning of the statute, which we do not go beyond where the statute is clear and

15-38797

unambiguous). Jack implicitly concedes that the statute is unambiguous but argues that it would lead to an absurd result because the purpose of the statute is to protect the public via supervision. Jack does not explain how his desired interpretation of NRS 213.1243(8) to limit the State to pursue only one charge for all violations of a single lifetime supervision agreement achieves the legislative purpose any more than following the plain language of the statute. Jack also looks to this court's statement in *Palmer v. State* that violators "risk conviction of *an additional* felony and the imposition of *an additional* prison term." 118 Nev. 823, 830, 59 P.3d 1192, 1196 (2002) (emphasis added). Jack takes *Palmer*'s language out of context. That case did not hold that the State could obtain only a single conviction for multiple violations of a lifetime supervision agreement, but rather contrasted the consequences of violating lifetime supervision conditions with those of violating parole conditions, which do not necessarily result in a new conviction or term of imprisonment.

Second, Jack argues that the district court erred in denying a proposed defense instruction that financial inability is a defense to the charge that was based on his failure to pay fees. Jack was entitled to a jury instruction on his theory of defense so long as there was some evidence to support the theory. *See Rosas v. State*, 122 Nev. 1258, 1262, 147 P.3d 1101, 1104 (2006). However, Jack has failed to provide this court with the trial transcripts to demonstrate what his theory of defense was at trial or what evidence supported it. *See* NRAP 10(b)(1) (providing that appendices must include "the portions of the trial court record to be used on appeal, including all transcripts necessary to the Supreme Court's review"); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). We

therefore conclude that Jack has failed to demonstrate that the district court erred in denying his proposed jury instruction. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Michael Montero, District Judge
        Humboldt County Public Defender
        Attorney General/Carson City
        Humboldt County District Attorney
        Humboldt County Clerk