# IN THE SUPREME COURT OF THE STATE OF NEVADA

ADVANCED PRE-SETTLEMENT
FUNDING LLC,
Appellant,
vs.
GAZDA & TADAYON; AND G. DALLAS
HORTON & ASSOCIATES,
Respondents.

No. 74802

FILED

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order resolving a complaint in interpleader and discharging liability. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

This case involves an interpleader action of funds obtained from a settlement in a personal injury suit. The proceeds were insufficient to satisfy all claims, so respondents, the injured individual's attorneys, filed this interpleader action. Appellant sought disbursement of the funds, arguing that respondents failed to perfect their attorney lien. The district court concluded that respondents had adequately perfected their attorney lien and disbursed money to respondents based on that lien.[2]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We have relied on the district court's "Decision" that set forth its reasoning and preceded its dispositive order, as appellant failed to include any transcripts of any relevant hearing in the appendix. *Cf. Greene v. State,* 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

SUPREME COURT
OF
NEVADA

(O) 1947A

19-13764

Appellant first argues that respondents failed to properly perfect their lien because they did not serve notice until after the settlement proceeds had been received such that the district court erred in concluding that respondents' attorney lien had priority over other claims. Respondents argue that the proceeds have not yet been recovered because the funds were deposited directly with the court clerk and have not been disbursed.

An attorney lien is only enforceable when attached and perfected pursuant to the statutory requirements enumerated in NRS 18.015. *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev. 416, 419, 373 P.3d 103, 105 (2016). Perfecting such a lien requires an attorney to serve notice "in writing, in person or by certified mail, return receipt requested." NRS 18.015(3). The lien attaches "to . . . any money or property which is recovered on account of the suit . . . from the time of service of the notices." NRS 18.015(4). This court has held that an attorney cannot wait until "after settlement is reached and the proceeds have been received" to perfect his or her lien. *Golightly & Vannah*, 132 Nev. at 420, 373 P.3d at 105 (describing holding in *Leventhal v. Black & LoBello*, 129 Nev. 472, 305 P.3d 907 (2013)). Thus, a perfected attorney lien attaches to money that is recovered after the lien is perfected.

Respondents served notice of their lien by certified mail, return receipt requested, on August 18, 2017, more than one year after the insurance company deposited the settlement proceeds with the district court clerk on May 31, 2016. Whether respondents' lien attached to those proceeds turns on whether the funds were "recovered" when the insurance company deposited the proceeds with the court clerk. If they were, then the lien did not attach because it was perfected after the proceeds were

recovered. The meaning of "recovered" presents a matter of statutory interpretation, which we review de novo. *Id.* at 419-20, 373 P.3d at 105.

Statutory interpretation focuses first on the statute's plain language. *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010). If that language is clear and capable of only one reasonable interpretation, the court goes no further. *See id.* But if the language lends itself to more than one reasonable interpretation, it is ambiguous and the court looks to other considerations to interpret the statute. *Id.*

The statute at issue here provides that the attorney's perfected lien attaches to money that "is recovered." NRS 18.015(4)(a); *Golightly & Vannah*, 132 Nev. at 420, 373 P.3d at 105. As the statute does not specifically define "recovered," we give the term its ordinary meaning, which can be ascertained through contemporaneous dictionary definitions. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566-67 (2012); *cf.* 1977 Nev. Stat., ch. 401, § 3, at 773 (enacting NRS 18.015). Webster's Ninth New Collegiate Dictionary defines "recover" as "to get back" or, relevantly, "to gain by legal process," while it defines "gain" as "to acquire or get possession of usu[ally] by industry, merit or craft." *Webster's Ninth New Collegiate Dictionary* 502, 985 (1983). Black's Law Dictionary defines "recover" as "[t]o get or obtain again," as well as "[i]n a narrower sense, to be successful in a suit, to collect or obtain amount, to have judgment, to obtain favorable or final judgment, to obtain in any legal manner in contrast to voluntary payment." *Recover, Black's Law Dictionary* 1440 (rev. 4th ed. 1968). Black's defines "obtain" as "to get hold of by effort; to get possession of; to procure; to acquire, in any way." *Obtain, id.* at 1228. In the context of money that "is recovered," the dictionary definitions best support concluding that

money must be possessed to be "recovered" because that is when the money has been acquired, possessed, or gotten hold of. *See Berkson v. LePome*, 126 Nev. 492, 497, 245 P.3d 560, 563 (2010) ("Words in a statute will be given their plain meaning unless such an approach would violate the spirit of the act."). The prevailing party or its counsel has then recovered the money when it actually possesses it. *See Golightly & Vannah*, 132 Nev. at 420, 373 P.3d at 105 (considering funds to have been recovered on delivery to counsel). This is consistent with this court's decision in *Leventhal v. Black & LoBello*, which looked to the distribution of litigation proceeds in determining when an attorney must serve notices of a lien. 129 Nev. 472, 478-79, 305 P.3d 907, 911 (2013); *see also* Restatement (Third) of the Law Governing Lawyers § 43 cmt. e (2000) (observing that notice must be given before payment is made *to a client*). Respondents properly served notice of their lien on August 8, 2017. The insurance company deposited the settlement proceeds with the district court clerk on May 31, 2016. Those monies have not been distributed to any party, and thus have not been recovered within the meaning of NRS 18.015(4). Accordingly, we conclude that the district court did not err in determining that respondents adequately perfected their lien.

Appellant next contends that equity weighs in its favor and supports a pro rata distribution. In extraordinary circumstances, equitable factors may affect the priority of the attorney lien. *Michel v. Eighth Judicial Dist. Court*, 117 Nev. 145, 152, 17 P.3d 1003, 1008 (2001). In the instant case, the district court found such extraordinary circumstances militated against appellant's interest after determining that appellant's claim was unconscionable. The record shows that appellant sought to recover $132,860 on several loans with an aggregate principal of $7000. The

interest rate on these loans ranged between 156% per year and 174% per year. In contrast to the public policy interests served by enforcing attorney or medical liens, where practitioners are being paid for performing a valuable service for a client, *see id.* at 150, 17 P.3d at 1006-07, equity does not support disregarding the dictates of NRS 18.015 and applying a pro rata distribution that would overwhelmingly benefit appellant's inflating the value of its original loan by interest rates that shock the conscience. We conclude that appellant has not shown that equitable principles warrant relief in its favor.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Mark R. Denton, District Judge
Stephen E. Haberfeld, Settlement Judge
Morris Law Center
Gazda & Tadayon
G. Dallas Horton & Associates
Eighth District Court Clerk

