IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC JORELL MATHIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77071

FILED

OCT 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of duty to stop at the scene of a crash involving personal injury. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Appellant Eric Mathis was involved in a car crash where one person was injured. When police arrived at the scene, Mathis fled. The State charged him with breaching his duty to stop at the scene of a crash resulting in personal injury, in violation of NRS 484E.010(1) and NRS 484E.030(1). He represented himself at trial and the jury convicted him of the crime charged.

Mathis first argues that a rational trier of fact could not have convicted him based on the State's evidence. We disagree. NRS 484E.010(1) provides that drivers involved in a crash resulting in personal injury have a duty to stop at the scene of the crash, and NRS 484E.030(1) requires such drivers to provide identifying information and render reasonable aid. Mathis's testimony alone is enough to sustain the conviction because he admitted that he was involved in the crash and fled from police. He also admitted that he could not definitively rule out that he struck the victim with his vehicle. This evidence is sufficient to support a guilty verdict. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573

20-35998

(1992) ("In a criminal case, a verdict supported by substantial evidence will not be disturbed by a reviewing court.").

Second, Mathis argues that the State committed prosecutorial misconduct when it informed his witness that she would not be called to testify that day and could therefore leave. The district court confirmed that Mathis's witness "was going to leave anyway," so the State's conduct was not improper. Moreover, once Mathis learned that his witness would be testifying only to hearsay, he *willingly* chose not to call her. So even if the State erred, such error was harmless and does not warrant reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) ("[We] will not reverse a conviction based on prosecutorial misconduct if it was harmless error.").

Third, Mathis argues that the State improperly put forth hearsay testimony of the victim via cross-examination of Mathis's collision reconstruction expert without having called the victim as a witness. Because Mathis did not object, we review the testimony for plain error and find none because nothing in the record supports that this questioning was improper or caused any form of "actual prejudice or a miscarriage of justice." *Id.* at 1190, 196 P.3d at 477 (internal quotation marks omitted).

Lastly, Mathis claims that the district court erred by denying his pretrial motion to suppress statements made to medical staff. Mathis argues that the police violated his *Miranda* rights when paramedics questioned him in the back of a police car while the patrol camera was on. The patrol camera video included in the record does not show Mathis interacting with paramedics. In fact, no portion of the record shows that paramedics questioned Mathis. *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) (holding "[t]he burden to make a proper appellate record on

appeal rests on appellant"). Nonetheless, Mathis answered at trial each of the material questions the paramedics allegedly asked him. Thus, we conclude there was no *Miranda* violation. *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005) (providing that this court reviews the factual findings for clear error and whether the person was in custody when they made the statement and whether the statement was voluntary de novo).

For the reasons discussed above, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Kathleen M. Drakulich, District Judge
      Karla K. Butko
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

---

[1]We have reviewed Mathis's remaining arguments and determined they are without merit.