IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DWIGHT ALFRED ANDERSON, JR.,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 79864<br><br>**FILED**<br><br>OCT 15 2020<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

*ORDER AFFIRMING IN PART,*
*REVERSING IN PART, AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with a deadly weapon.[1] Sixth Judicial District Court, Humboldt County; Michael Montero, Judge. Appellant Dwight Anderson, Jr., raises two contentions on appeal.

First, Anderson argues that the district court erred in denying his mistrial motion based on testimony that law enforcement arrested and booked him, violating his constitutional presumption of innocence. Anderson did not include the complete trial transcript in his appendix, *see* NRAP 30(b)(1) ("Copies of all transcripts that are necessary to the . . . review of the issues presented on appeal shall be included in the appendix."); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."), thus we presume the missing portions support the district court's decision that a mistrial was not warranted, *see Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) (concluding that materials omitted from the record on appeal "are presumed to support the district court's decision"), *rev'd on other*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

*grounds by Riggins v. Nevada*, 504 U.S. 127 (1992). And the record shows the testimony was brief, not intentionally solicited, and referenced events *at the time* of Anderson's arrest in this case. *See McNelton v. State*, 115 Nev. 396, 407, 990 P.2d 1263, 1270 (1999) (finding impropriety in the jury hearing the defendant was jailed *while awaiting trial*); *see also Richmond v. State*, 118 Nev. 924, 935, 59 P.3d 1249, 1256 (2002) (weighing into its denial of a mistrial motion that a witness's remarks that the defendant had been in jail were brief and not purposefully solicited by the attorneys). Accordingly, Anderson fails to show the district court abused its discretion in denying his motion for a mistrial. *See Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001) (explaining that denial of a mistrial motion "is within the district court's sound discretion" and will not be overturned absent "a clear showing of abuse").

Second, Anderson argues that the district court violated the Sixth Amendment by penalizing him for exercising his right to a jury trial. At the sentencing hearing, the district court reviewed the presentence investigation report and heard from Anderson's counsel, the State, and the victim. But in pronouncing a prison sentence and declining to grant probation, the judge noted only that a jury found Anderson guilty. Indeed, the sentencing judge stated that while probation was an available option, he was instead sentencing Anderson to prison because "this was a jury trial in which a jury convicted you of this offense." Based on that comment, we are concerned that the district court acted vindictively and abused its discretion by removing a sentencing option based on Anderson exercising

SUPREME COURT
OF
NEVADA

(O) 1947A

2

his trial right.[2] *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009) (reviewing a district court's sentencing decision for an abuse of discretion); *Mitchell v. State*, 114 Nev. 1417, 1428, 971 P.2d 813, 820 (1998) (reiterating that "a sentencing court may not punish a defendant for exercising his constitutional rights," and to prove such the defendant must show vindictiveness), *overruled on other grounds by Rosky v. State*, 121 Nev. 184, 190-91, 111 P.3d 690, 694 (2005). Under these circumstances, we

ORDER the judgment of conviction AFFIRMED IN PART and REVERSED IN PART and REMAND for a new sentencing hearing before a different district judge.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Michael Montero, District Judge
Humboldt County Public Defender
Attorney General/Carson City
Humboldt County District Attorney
Humboldt County Clerk

---

[2]We decline to apply plain-error review as the State argues, but conclude that, given the nature of the error, reversal would be warranted under either standard.