IN THE SUPREME COURT OF THE STATE OF NEVADA

BRETT THEIL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78839

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of lewdness with a child under the age of 14; six counts of first-degree kidnapping of a minor; six counts of sexual assault with a minor under the age of 14; four counts of sexual assault with a minor under the age of 16; four counts of sexual assault; and three counts of child abuse, neglect, or endangerment. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.[1] Appellant Brett Theil argues that the district court erred in admitting certain evidence and in denying his motion for a mistrial based on improper expert testimony, and that the prosecutor committed misconduct. We disagree.

*Evidentiary rulings*

Theil first argues that the district court erred in admitting irrelevant hearsay emails sent to the victim from her mother, Theil's wife. We review a district court's decision to admit evidence for an abuse of

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21·04400

discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Contrary to Theil's claim, the record clearly reflects that the mother's emails were not admitted as exhibits at trial.[2] To the extent that Theil argues that the victim should not have been allowed to testify about the content of the emails, that testimony was offered only to show the effect the emails had on the victim, which was relevant to explain the victim's delay in disclosing the abuse and her subsequent behavior. Thus, the testimony about the emails was not inadmissible hearsay, *see Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990) (explaining that the hearsay rule does not apply when a statement is not offered to show the truth of the matter asserted but rather to show the statement's effect on the listener), and the probative value was not outweighed by any prejudicial effect of the jury learning that the victim's mother encouraged her to recant the allegations. *See* NRS 48.035(1) (providing for the admission of relevant evidence so long as its probative value is not "substantially outweighed by the danger of unfair prejudice"). Accordingly, the district court did not abuse its discretion in admitting this evidence.[3]

---

[2]Theil also argues that the district court erred in admitting a detective's report. However, the record does not indicate that the district court admitted the report into evidence and Theil does not provide record citations to support his argument to the contrary. *See* NRAP 28(a)(10)(A) (requiring appellant's brief to contain "citations to the authorities and parts of the record on which the appellant relies").

[3]Because Theil fails to provide relevant authority or cogent argument, we do not address his assertion that the district court erred in referring to the victim by saying, "this poor young lady has been on the bench for hours and hours." *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Second, Theil argues that the district court erred in admitting his alleged "suicide note" as evidence of consciousness of guilt. He contends that his note did not admit guilt and was motivated by his belief that the sexual assault allegations would destroy his reputation in law enforcement. However, we have held that "[t]he fact that an accused attempts to commit suicide, or evidence sufficient to justify such an inference, is always proper for the jury to consider in connection with the other evidence in the case." *State v. Plunkett*, 62 Nev. 258, 279, 149 P.2d 101, 107 (1944). Theil's note, which he wrote shortly after a warrant for his arrest issued, stated that he was feeling the effect of the pills he took, was watching his last sunset, and did not trust the legal system, and also directed the distribution of some of his property.[4] Thus, the note was evidence that Theil attempted to commit suicide after being accused of the charged crimes, and was admissible to demonstrate consciousness of guilt. *See id.* Theil relies on *United States v. Hammers*, 942 F.3d 1001, 1010-11 (10th Cir. 2019), and *Stephenson v. State*, 29 N.E.3d 111, 120 (Ind. 2015), to argue generally that suicide notes are inadmissible, but those cases are factually distinguishable. In *Hammers*, the suicide note of an accomplice was deemed inadmissible because it was hearsay and did not meet the statement-against-interest exception to the hearsay rule, 942 F.3d at 1010-11, whereas here the suicide note was Theil's own statement and thus was not hearsay, *see* NRS 51.035(3)(a) (excluding from the hearsay definition statements that are offered against a party and are the party's own statement). And, in *Stephenson*, the defendant's suicide note expressly denied committing the charged crime and thus did not imply consciousness of guilt, 29 N.E.3d at 120, whereas Theil's note provided no

---

[4]At trial, a law enforcement officer testified that around the same time the note was discovered, Theil indicated he consumed 30 Xanax pills.

such disavowal. We thus conclude that the district court did not abuse its discretion in admitting the note. *See Mclellan*, 124 Nev. at 267, 182 P.3d at 109.

Next, Theil argues that the district court erred in admitting, as prior consistent statements, the victim's written statement and the testimony of a State investigator concerning an incident that occurred in California. During cross-examination, the victim testified that Thiel attempted to abuse her in California, and the defense implied that she was fabricating this incident. The State properly rebutted this implication by introducing the victim's prior statements to show that she had previously disclosed this incident. *See* NRS 51.035(2)(b) (excluding from the definition of hearsay statements consistent with a witness's testimony offered to rebut an allegation of fabrication). Theil argues that the victim's written statement was not a prior consistent statement because it did not mention the California incident. But because Theil did not include a copy of the victim's statement in the record, *see* NRAP 30(b)(3) (requiring appellant to include in the appendix any "portions of the record essential to determination of issues raised in appellant's appeal"); *Greene v. State* (*Greene I*), 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."), we presume the missing portions support the district court's decision, *see Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) (concluding that materials omitted from the record on appeal "are presumed to support the district court's decision"). To the extent Theil argues that the investigator's testimony was inadmissible because it was neither previously memorialized nor testified to in detail, he fails to provide authority for his argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's

responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Thus, the district court did not err in admitting the victim's written statement and the investigator's testimony as prior consistent statements.

Theil next argues that the district court erred in admitting messages he sent to the victim's phone. We disagree. Theil did not include the messages for our review. *See* NRAP 30(b)(3); *Greene I*, 96 Nev. at 558, 612 P.2d at 688. But even accepting Theil's recitation of the messages as true, their sexual nature made them relevant to the victim's allegations that Theil was sexually inappropriate with her, and their probative value was not outweighed by the danger of unfair prejudice. *See* NRS 48.015; NRS 48.025; NRS 48.035(1). Accordingly, this issue does not present a basis for reversal.[5]

Next, Theil argues that the district court erred in admitting Tumblr messages between the victim and her ex-boyfriend. Theil neither objected below, nor included the messages in the appellate record for this court's review, NRAP 30(b)(3); *Greene I*, 96 Nev. at 558, 612 P.2d at 688. We conclude that he fails to demonstrate plain error, *see Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015) (applying plain-error review to unpreserved errors), as the messages were relevant to corroborate the victim's allegations and to show how the investigation began, *see* NRS 48.015; NRS 48.025. Theil's Confrontation Clause argument is also

---

[5]Theil did not contemporaneously object to the messages' admission, but generally moved to strike all the content related to Theil's cell phone messages to the victim. We find neither plain error nor an abuse of discretion in the district court's denial of that motion. *See Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015); *Mclellan*, 124 Nev. at 267, 182 P.3d 109.

unavailing where he had the opportunity to cross-examine both the victim and her ex-boyfriend about the messages. *See Crawford v. Washington*, 541 U.S. 36, 51, 68 (2004) (indicating no Confrontation Clause violation occurs when witnesses testify and are available for cross-examination).

*Expert testimony*

Theil argues that the district court erred in denying his mistrial motion based on the State's expert's testimony regarding grooming. Theil contends the expert improperly vouched for the victim and based his opinion on nothing more than assumption and conjecture. We disagree. The expert testimony was relevant to explain the victim's delayed disclosure and to aid the jury in determining if the victim acted consistently with a sexual assault victim. *See* NRS 50.275 (explaining when an expert may testify); NRS 50.345 ("In any prosecution for sexual assault, expert testimony is not inadmissible to show that the victim's behavior or mental or physical condition is consistent with the behavior or condition of a victim of sexual assault."). Here, the expert did not directly opine on the victim's credibility or Theil's guilt. Rather, the expert opined that the victim's actions and inactions were consistent with having been sexually assaulted. *See Townsend v. State*, 103 Nev. 113, 118, 734 P.2d 705, 708 (1987) (explaining that an expert can express his "opinion on the issue of whether the child had, in fact, been sexually assaulted or abused"). Indeed, the expert testified that he took into account the victim's extensive measures in moving out of Theil's house undetected, including being picked up in a rented car.[6] *See* NRS 50.285(1) (providing that the expert can base his

---

[6]The expert did not misstate the evidence, as Theil suggests, by testifying that the car was rented solely to conceal the victim's moving out of Theil's home.

Supreme Court
OF
Nevada

(O) 1947A

opinion on facts or data "made known to [him] at or before the hearing"). That the district court cautioned the expert and the State against improper vouching does not change our conclusion as it shows the district court's diligence as the evidence "gatekeeper." *Harris v. State*, 134 Nev. 877, 880, 432 P.3d 207, 211 (2018).

We also reject Theil's argument that the district court should have excluded the testimony because grooming is not an accepted theory. We consider grooming testimony on a case-by-case basis and allow its admission so long as certain evidentiary requirements are met. *See Perez v. State*, 129 Nev. 850, 853, 313 P.3d 862, 864-65 (2013). Those requirements were met in this case. And the expert's testimony regarding the victim moving out was proper and not outside the area of expertise as it explained how grooming could have influenced the victim's failure to initially disclose the abuse and her desire to leave Theil's house. *See id.* at 859, 313 P.3d at 868 (explaining that testimony of how one of the goals of grooming is to reduce the likelihood of disclosure was admissible as "beneficial to the jury in evaluating the evidence of abuse and assessing the victim's credibility"). Because the district court did not err in admitting the expert testimony it also did not abuse its discretion in denying Theil's motion for a mistrial based on the same argument. *See Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001) (explaining that denial of a mistrial motion "is within the district court's sound discretion").

*Prosecutorial misconduct*

Theil argues that the State's closing arguments included comments not supported by the evidence and intended to inflame the jury. Theil has not demonstrated plain error where the State's flight comment, rental car comment, and comment regarding the sexual nature of Theil's

SUPREME COURT
OF
NEVADA

(O) 1947A

text messages to the victim were fair inferences drawn from the trial evidence.[7] *See Taylor v. State*, 132 Nev. 309, 324, 371 P.3d 1036, 1046 (2016) (explaining that State comments expressing opinions or beliefs are not improper when they are reasonable conclusions or fair comments based on the presented evidence); *Martinorellan*, 131 Nev. at 48, 343 P.3d at 593 (reviewing unpreserved errors for plain error). Further, the State's comment comparing Theil ejaculating into the victim's mouth to the space shuttle Challenger exploding, while indelicate, does not amount to plain error where the comment was based on an example used by Theil's expert to explain how memories of significant events may change over time and in response to the defense's argument attacking the victim's credibility. *See Martinorellan*, 131 Nev. at 48, 343 P.3d at 593; *Greene v. State*, 113 Nev. 157, 178, 931 P.2d 54, 67 (1997) (recognizing the appropriateness of rebuttal arguments that directly respond to issues raised by the defense's closing), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000). Thus, we conclude that Theil has not demonstrated that reversal is warranted based on this claim.[8] *See Valdez v. State*, 124

---

[7]The district court refused to give a "flight" instruction but did not preclude the State from making arguments regarding the circumstances surrounding Theil's arrest. *See Rosky v. State*, 121 Nev. 184, 199, 111 P.3d 690, 699-700 (2005) (explaining that a flight instruction is appropriate if the State presents flight evidence *and* a conclusion can be drawn that the defendant fled with consciousness of guilt and to evade arrest). Further, the record does not support Theil's claim that the State argued that the rented car was obtained "as part of the plan to liberate [the victim]." Instead, the State correctly recounted the trial evidence, that the victim left in a car she thought Theil would not recognize or trace.

[8]Theil's cumulative-error argument lacks merit where we find no errors. *See United States v. Allen*, 269 F.3d 842, 847 (7th Cir. 2001) ("If there are no errors or a single error, there can be no cumulative error.").

Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (explaining the review process for prosecutorial misconduct claims). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc: Hon. Stefany Miley, District Judge
Mueller & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A