IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDRE GRANT SNIPES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82384

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of burglary, four counts of grand larceny, two counts of conspiracy to commit robbery, and one count each of robbery, robbery with the use of a deadly weapon, burglary while in possession of a firearm, and participation in an organized retail theft.[1] Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Appellant argues there is insufficient evidence to support the jury's finding of guilt for three of his burglary convictions and the weapon enhancements for his convictions of robbery with the use of a deadly weapon and burglary while in possession of a firearm. We disagree with both of appellant's contentions.

Regarding the burglary convictions, appellant contends the State did not present evidence that the merchandise he returned was stolen. The State introduced evidence that appellant and a co-offender walked out of various stores with specific merchandise without paying. The State also

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-05367

introduced evidence that appellant went to another store and returned items similar to the stolen merchandise in exchange for gift cards. Appellant returned the items without a receipt and, at least on two occasions, on the same day the merchandise was stolen. We "must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (recognizing the role of the jury is "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). And we have held that "entirely circumstantial evidence" may suffice. *Sheriff v. Middleton*, 112 Nev. 956, 962, 921 P.2d 282, 286 (1996). Based on the above, a rational juror could infer that appellant entered the stores with the intent to return stolen merchandise in exchange for gift cards, and therefore we conclude sufficient evidence supports the jury's guilty verdicts for the three challenged burglary convictions. *See Origel-Candido v.* State, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) ("The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotation marks omitted)); *see also Jackson*, 443 U.S. at 319 (same); NRS 205.060.

Regarding the weapon enhancements, appellant contends the State did not present evidence that the victim saw a functioning gun. The victim testified that he followed the two men who had stolen merchandise until the co-offender lifted his shirt to expose a semi-automatic pistol. The

witness testified that he was positive it was a gun, that he was familiar with guns, and that he contemporaneously told the 9-1-1 operator he saw a gun.[2] "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). And considering the evidence in the light most favorable to the State, a rational juror could conclude that the co-offender possessed a firearm when entering the store with the intent to steal merchandise and used the firearm during the robbery. *See* NRS 193.165(1), (6); NRS 200.380(1); NRS 205.060(1), (4); *Berry v. State*, 125 Nev. 265, 276, 212 P.3d 1085, 1093 (2009) (approving of a jury instruction that said a firearm "was a deadly weapon regardless of whether it was unloaded or inoperable"), *abrogated on other grounds by State v. Castaneda*, 126 Nev. 478, 245 P.3d 550 (2010); *see also Jackson*, 443 U.S. at 319; *Origel-Candido*, 114 Nev. at 381, 956 P.2d at 1380. Accordingly, the State presented sufficient evidence upon which the jury could have found appellant guilty of the weapon enhancements.

---

[2]We rely on testimony describing the 9-1-1 recording, as appellant failed to provide the recording as part of the appellate record. "The burden to make a proper appellate record rests on appellant," *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980), and missing portions of the record are presumed to support the jury's verdict, *cf. Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) (concluding that if materials are not included in the record on appeal, the missing materials "are presumed to support the district court's decision"), *rev'd on other grounds by Riggins v. Nevada*, 504 U.S. 127 (1992). We note that either party may move to have the district court clerk transmit original exhibits that are necessary and relevant to the issues raised on appeal. *See* NRAP 30(d).

Having considered appellant's arguments and concluded they lack merit, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:   Hon. Eric Johnson, District Judge
      Sandra L. Stewart
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

_____

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.