# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCUS WASHINGTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76045

FILED

APR 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Marcus Washington's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Washington argues that he received ineffective assistance of trial counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing its application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we disagree and affirm.[2]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

[2]We note that Washington has not provided necessary portions of the record in his appendix, and that our review relies on the materials provided by the State. *See* NRAP 30(b)(3); *Thomas v. State*, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004) (noting that it was improper for counsel to fail to "provide this court with an adequate record"); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

19-16068

objective standard of reasonableness and resulting prejudice in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Washington first argues that counsel should have consulted with him more extensively before trial. Washington proffers only vague allegations about what such consultations would have revealed and thus has not specifically alleged what further discussions would have revealed that would have led to a reasonable probability of a different outcome. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). The record repels Washington's claim that further discussions would have enabled counsel to argue that a different person shot the victim, as Washington conceded below that counsel vigorously argued this theory. The district court therefore did not err in denying this claim without an evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

Washington next argues that counsel should have investigated phone records of Ms. Belanger. Washington posits that an evidentiary hearing would have revealed incriminatory text messages from Mr. Owens to Ms. Belanger. The record contains no indication that such text messages exist, even though the district court granted Washington's postconviction motion to appoint an investigator and Washington had alleged the existence of these text messages in that motion. Beyond the unsupported allegation that such text messages exist and inculpate Mr. Owens, Washington has not specifically alleged the content of such messages. Washington's speculative allegations do not establish deficient performance. The district court therefore did not err in denying this claim without an evidentiary hearing.

Washington next argues that counsel should have retained experts on ballistics and crime-scene reconstruction. Washington offers the bare argument that such experts would have shown that the physical evidence was inconsistent with his guilt without specifically alleging what the experts would have presented and how it would benefit him in light of the evidence actually presented at trial. Washington's bare allegation that such experts would have been beneficial fails to show deficient performance in not retaining them, especially where Washington's omitting the trial transcript from the appendix on appeal precludes us from discerning what trial strategy counsel developed. The district court therefore did not err in denying this claim without an evidentiary hearing.

Washington next argues that counsel should have retained a jury consultant to assist during jury selection. In merely speculating that such a consultant would be beneficial without identifying any specific juror who would not have been impaneled, Washington has not shown that

counsel was objectively unreasonable in conducting voir dire without hiring a jury consultant or that he was prejudiced by its absence. *Cf. Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (concluding that a defendant cannot show prejudice if the impaneled jury is impartial). The district court therefore did not err in denying this claim without an evidentiary hearing.

Washington next argues that counsel should have moved for sequestered voir dire. The record shows that counsel filed such a motion. Washington therefore fails to show deficient performance. The district court did not err in denying this claim without an evidentiary hearing.

Washington next argues that counsel should have rehabilitated several veniremembers who were challenged for cause. The record shows that counsel did argue to rehabilitate the identified veniremembers. Washington's argument that counsel's efforts should have been more strenuous does not show deficient performance, as counsel's tactical decisions are virtually unchallengeable absent a showing of extraordinary circumstances, which Washington has not made. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). The district court therefore did not err in denying this claim without an evidentiary hearing.

Washington next argues that counsel should have filed pretrial motions to exclude prejudicial evidence of other crimes and gang affiliation. The record shows that counsel raised this argument in opposing the State's motion to admit this evidence. Washington's reliance on FRE 404(b) to show counsel's ineffectiveness is misplaced, as that rule does not apply in Nevada district courts and counsel properly cited the relevant Nevada authorities. The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Washington argues that multiple instances of deficient performance cumulate to warrant relief. Even assuming that multiple deficiencies may be cumulated in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Washington has not demonstrated any instances of deficient performance to cumulate. The district court therefore did not err in denying this claim without an evidentiary hearing.

Having considered Washington's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc: Hon. Douglas Smith, District Judge
Terrence M. Jackson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A