# IN THE SUPREME COURT OF THE STATE OF NEVADA

MANUEL ANTONIO CHAVEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77266

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of conspiracy to commit robbery and robbery with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Appellant Manuel Chavez pleaded guilty to conspiracy to commit robbery and robbery with the use of a deadly weapon resulting from a one-night robbery spree involving five separate victims. The district court accepted the plea; dismissed four additional counts of robbery with the use of a deadly weapon and one count of burglary while in possession of a firearm pursuant to the plea agreement; and sentenced Chavez to an aggregate of 67 to 168 months. Chavez argues his sentence was grossly disproportionate to his crimes so as to shock the conscience, in violation of the Eighth Amendment of the United States Constitution. We disagree.

"The Eighth Amendment of the United States Constitution does not require strict proportionality between crime and sentence," *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (plurality opinion), and a sentence that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-46844

is within statutory limits will not be considered cruel and unusual unless the statute assigning punishment is unconstitutional "or the sentence is so unreasonably disproportionate to the offense as to shock the conscience," *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489 (2009) (quoting *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996)).

Chavez's sentence is within the statutory range for his offenses. *See* NRS 193.165 (1-20 years for deadly weapon to run consecutive and not to exceed the underlying sentence); NRS 199.480 (1-6 years for conspiracy to commit robbery); NRS 200.380 (2-15 years for robbery). Although Chavez suggests that the district court did not adequately take into account his youth, limited criminal history, employment history, substantial ties to the community, and family support, he has not provided this court with the sentencing transcript, so we must presume that the transcript would support the district court's sentencing decision. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."); NRAP 30(b)(1) ("Copies of all transcripts that are necessary to the . . . review of the issues presented on appeal shall be included in the appendix."). Furthermore, the imposed sentence does not shock the conscience given that the district court did not impose the maximum allowable sentence and the circumstances of the crimes were egregious—robbery of multiple victims using a firearm in the span of a few hours.[2] Thus, we conclude that the

---

[2]The plea agreement allowed the district court to consider the dismissed charges when determining Chavez's sentence.

sentence imposed does not constitute cruel and unusual punishment. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:     Hon. Tierra Danielle Jones, District Judge
        Gregory & Waldo, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.