# IN THE SUPREME COURT OF THE STATE OF NEVADA

WESLEY FOARD HUTTMAN,
Appellant,
vs.
RENEE BAKER, WARDEN, L.C.C.; AND
THE STATE OF NEVADA,
Respondents.

No. 79410

**FILED**

OCT 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Third Judicial District Court, Lyon County; John Schlegelmilch, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Both components of the inquiry must be shown, *id.* at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the

20-37951

law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that trial counsel should not have requested an *Allen* instruction[1] when the jury announced it was deadlocked after three hours of deliberations. Appellant also argues that the *Allen* instruction counsel offered was flawed.[2] Appellant has not demonstrated prejudice. We already decided as much in denying relief based on appellant's challenge to the *Allen* instruction on direct appeal. Although we observed that the instruction contained language different than that previously approved by this court, we concluded there was not reversible plain error because the instruction did not affect appellant's substantial rights. In particular, this court noted that the jury continued to deliberate for over three hours after receiving the *Allen* instruction and it did not appear from the record that the instruction unduly influenced the jury. *Huttman v. State*, Docket No. 72399 (Order of Affirmance, Jan. 17, 2018). Contrary to appellant's arguments, the duration of the deliberations after an *Allen* instruction is relevant in determining whether the instruction may have improperly coerced the jury's verdict and prejudiced him. *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988) ("Our review of petitioner's contention that the jury was improperly coerced requires that we consider the supplemental charge given by the trial court 'in its context and under all

---

[1]*Allen v. United States*, 164 U.S. 492 (1896).

[2]Appellant did not cogently argue below that the *Allen* instruction offered by trial counsel was flawed. That omission provides an independent basis to deny relief on this claim. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991) (observing that this court will not consider arguments raised for the first time on appeal), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004).

the circumstances.'" (quoting *Jenkins v. United States*, 380 U.S. 445, 446 (1965)); *Wilkins v. State*, 96 Nev. 367, 373, 609 P.2d 309, 313 (1980) (recognizing that continued deliberations for six hours following the charge belies an argument that the instruction was unduly coercive). Also, language in the *Allen* instruction ensured that the instruction was not unduly coercive by correctly informing the jury "that no juror is expected to give up an honest belief he or she may have as to the weight or effect of the evidence." *See Wilkins*, 96 Nev. at 373, 609 P.2d at 312 (observing that this court has approved of the *Allen* instruction when it clearly informs jurors that "each member has a duty to adhere conscientiously to his or her own honest opinion, and if it avoids creating the impression that there is anything improper, questionable or contrary to good conscience for a juror to create a mistrial"). And an instruction provided before deliberations began (number 29) further countered any possible undue influence from the *Allen* instruction by explaining that while the jurors had a duty to consult and deliberate with each other, "no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of his or her fellow jurors, or for the mere purpose of returning a verdict." Considering the instructions provided and the circumstances in this case, we conclude that counsel was not ineffective. The district court therefore did not err in denying this claim.[3]

Second, appellant argues that trial counsel should have requested a jury instruction on domestic battery as a lesser included offense

---

[3]To the extent that appellant argues appellate counsel should have raised additional or different arguments challenging the *Allen* instruction, appellant has not demonstrated deficient performance or a reasonable probability of a different outcome for the reasons discussed herein. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

SUPREME COURT
OF
NEVADA

(O) 1947A

of battery with intent to commit sexual assault. He argues that the fact the jury reached a compromised verdict, convicting him of battery with intent to commit sexual assault but acquitting him of sexual assault, demonstrates prejudice. Appellant fails to demonstrate deficient performance or prejudice. Trial counsel testified that his strategy was to argue that the sexual encounters were consensual and that no battery had taken place. Trial counsel further testified that he believed he would lose credibility with the jury had he argued for a lesser-included domestic battery. Appellant has not demonstrated that trial counsel's strategy fell below an objective standard of reasonableness. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (recognizing that strategic decisions are "'virtually unchallengeable absent extraordinary circumstances'" (quoting *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280 (1996))). Additionally, it would have been futile for counsel to have requested a lesser-included-offense instruction because battery constituting domestic violence is not a lesser-included offense of battery with the intent to commit sexual assault because it contains an additional element. *See Alotaibi v. State*, 133 Nev. 650, 652, 404 P.3d 761, 764 (2017) (stating that this court applies the "elements test" to determine if an uncharged offense is a lesser-included offense of a charged offense). In particular, it requires evidence of a domestic relationship between the defendant and the victim. *Compare* NRS 33.018 (battery constituting domestic violence), *with* NRS 200.400(4) (battery with intent to commit sexual assault). Appellant thus has not demonstrated a reasonable probability of a different outcome had trial counsel requested a lesser-included-offense instruction. Therefore, the district court did not err in denying this claim.

Third, appellant argues that trial counsel should have objected to the district court's sanction for the State's alleged *Brady* violation.[4] During the victim's testimony, the defense learned that a letter seeking dismissal of the charges, prepared by appellant's first defense team,[5] was signed by the victim and delivered to the district attorney's office. The district court determined that the letter was favorable and should have been disclosed by the State. As a consequence, the defense was given additional time over a lunch break to review the letter and cross-examine the victim about it. Further, the letter was admitted and the State was not permitted to present any prior bad acts by appellant to rebut the letter. Appellant has not demonstrated deficient performance or prejudice. First, the ineffective-assistance claim is belied by the record as trial counsel sought a mistrial based on the State's failure to disclose the letter. Second, appellant did not include the letter in his appendix and therefore we must assume that it would support the district court's conclusion that counsel was not ineffective in failing to further challenge the remedy afforded by the trial court for its late disclosure.[6] *See Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) ("[T]he missing portions of the record are presumed to support the

---

[4]*Brady v. Maryland*, 373 U.S. 83 (1963).

[5]Appellant was represented by Laurie Trotter before the preliminary hearing, Wayne Pederson at the preliminary hearing, and Brad Johnston at trial. The letter was prepared by staff in Ms. Trotter's office.

[6]Although appellant asserts that the victim recanted her statements to the police in the letter, the description of the letter at trial and during the postconviction proceedings indicates that the victim did not recant any statements but instead asked that the charges be dismissed as appellant was a good person and the charges hurt the family.

district court's decision."), *rev'd on other grounds by Riggins v. State*, 504 U.S. 127 (1992); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Third, there ultimately was no *Brady* violation because the letter was disclosed during trial, trial counsel was given adequate opportunity to review the letter, trial counsel aggressively cross-examined the victim about the letter, and appellant has not cogently argued how pretrial disclosure would have changed the defense's preparation for trial.[7] *See Strickler v. Greene*, 527 U.S. 263, 281 (1999) ("[S]trictly speaking, there is never a real '*Brady* violation' unless the [Government's] nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."); *Rippo v.* State, 134 Nev. 411, 431, 423 P.3d 1084, 1103, *amended on denial of reh'g*, 432 P.3d 167 (2018) ("To establish a *Brady* violation, the defendant must show (1) that the State withheld evidence, (2) which is favorable to the accused because it is exculpatory or impeaching, and (3) that prejudice resulted because the evidence was material, i.e., that there is a reasonable probability of a different result had there been disclosure."); *see also United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) ("[N]o due process violation occurred in this case regardless [of whether the evidence was exculpatory and/or material] because the government turned over the documents to the defense. *Brady* does not necessarily require that the prosecution turn over exculpatory material *before* trial. To escape the *Brady* sanction, disclosure 'must be

---

[7]Beyond the knowledge that the letter had been delivered to the State, it is difficult to conceive how a letter drafted by appellant's former defense team could be "withheld" by the State. Both appellant and his trial counsel acknowledge that they knew about the letter before trial.

made at a time when disclosure would be of value to the accused.'" (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985))). Finally, even if the letter was withheld and favorable to the defense because it could be used to impeach the victim, appellant has not demonstrated materiality given the testimony at trial, including testimony from the victim, appellant's son and stepson who witnessed the conduct, and law enforcement who observed and photographed the victim's injuries. Under the circumstances in this case, where appellant was aware of the letter drafted by his former defense team and the fact it had been delivered to the State was disclosed during the trial, the district court's remedy for any improper late disclosure by the State was appropriate and any further challenge to the remedy would have been futile. *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). Appellant has not demonstrated that there was a reasonable probability of a different outcome had trial counsel further challenged the sanction. Therefore, the district court did not err in denying this claim.

Finally, appellant argues that he was deprived of counsel during his direct appeal. Appellant claims that he was unrepresented on appeal because his appellate counsel, Douglas Nutton, ended his contract with Lyon County while the appeal was pending and did not file a motion to withdraw or substitute the new contract attorney for Lyon County. The district court determined that appellant did not demonstrate that he was denied appellate counsel.[8] Appellant has not demonstrated any error in this determination. Nutton did not abandon appellant during the course of the

---

[8]Contrary to appellant's assertion, the district court did not resolve this claim based on prejudice.

SUPREME COURT
OF
NEVADA

(O) 1947A

appeal. *See Abandon, Black's Law Dictionary*, (11th ed. 2019) (defining abandon as: "[to] leave (someone), [especially] when doing so amounts to an abdication of responsibility" or "[t]o desert or go away from permanently."); *see also Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1234 (11th Cir. 2017) ("Abandonment denotes renunciation or withdrawal, or a rejection or desertion of one's responsibilities, a walking away from a relationship."). Rather, Nutton filed opening and reply briefs, informed appellant of the resolution of the appeal, and sent appellant a letter after the decision on appeal was final that notified appellant that Nutton no longer represented him as he was no longer a contract attorney with Lyon County and that his files had been transferred to the next contract attorney. Because the record shows that appellate counsel actively represented appellant through the proceedings on direct appeal, the district court did not err in denying this claim.

Having considered the claims and concluding that appellant has not demonstrated error, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Stiglich                                Silver

cc:     Hon. John Schlegelmilch, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Lyon County District Attorney
        Third District Court Clerk